No. 595 July 1, 2026 71

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

David CARLSON,
Personal Representative of the Estate of
Helen Grace Banks, Deceased,
*Plaintiff-Appellant,*

*v.*

EAST SALEM ASSISTED LIVING, LLC,
a domestic company dba Cedar Village Memory Care
Community and Cedar Village Assisted Living;
Cedar Village AL MC GR, LLC, a domestic company;
Gregory Roderick, an individual; and
Frontier Management, LLC, a domestic company,
*Defendants-Respondents,*

*and*

GR LHC, LLC,
*Defendant.*

Marion County Circuit Court
19CV37913; A181442

Keith B. Stein, Judge.

Argued and submitted December 5, 2024.

Nadia H. Dahab argued the cause for appellant. Also on the briefs was Ryan Jennings, Emily S. Stebbins, Sugerman Dahab and The Gatti Law Firm.

Jay W. Beattie argued the cause for respondents. Also on the brief was Kelly A. Giampa, Katie M. Eichner, Sarah L. Desautels and Lindsay Hart, LLP.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

## PAGÁN, J.

Plaintiff, the personal representative of the estate of Helen Grace Banks (the decedent), appeals from a judgment for defendant Cedar Village AL MC GR LLC, owner of the Cedar Village Memory Care Community (Cedar Village),[1] in this wrongful death action under ORS 30.020, asserting that the trial court erred in denying plaintiff's motion to amend the complaint to assert a survival negligence action.[2] Because plaintiff did not confer with defendants, as required under Uniform Trial Court Rule (UTCR) 5.010, we conclude that the trial court did not err in denying plaintiff's motion and therefore affirm.

Plaintiff's first amended complaint pleaded a wrongful death action, asserting that the decedent's death had resulted from injuries sustained in several falls caused by the negligence of Cedar Village. A short time before trial, plaintiff filed a motion for leave to file a second amended complaint to allege a survival action as an alternative claim. ORCP 23 A; ORS 30.075. The trial court denied plaintiff's motion, and the case went to trial on the wrongful death action. A jury determined that, although Cedar Village was negligent, its negligence was not a cause of the decedent's death.

In a single assignment of error, plaintiff asserts that the trial court abused its discretion in denying his motion to amend the complaint. Although we generally review a trial court's ruling on a motion to amend under ORCP 23 A for an abuse of discretion, *Deep Photonics Corp. v. LaChapelle*, 368 Or 274, 300, 491 P3d 60 (2021), here the dispositive issue is purely a legal one. For the reasons explained here, we conclude that the trial court did not err.

---

[1] There are several named defendant-respondents. But the issues raised on appeal only concern defendant Cedar Village. Thus, references in this opinion to "defendant" refer to Cedar Village.

[2] ORCP 23 A provides, in part:

"A pleading may be amended by a party once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

Plaintiff's original complaint asserting Ceder Village's negligence was filed on August 29, 2019. In August 2021, plaintiff filed a first amended complaint, alleging additional specifications of negligence and seeking damages of $3,095,000, including $2,000,000 in noneconomic damages.

Cedar Village's answer denied the substantive allegations of negligence and asserted as an affirmative defense that plaintiff's noneconomic damages on his wrongful death action were capped by ORS 31.710 at $500,000.

Two and one-half weeks before the scheduled trial date, plaintiff filed a motion for leave to file a second amended complaint.

Several days before trial, the trial court heard argument on the motion to amend the complaint. Plaintiff's counsel argued that the proposed amendments did not effect a fundamental change in the complaint, and that the new allegations were, in fact, aligned with defendant's assertion that the decedent's falls had not caused her death; thus, plaintiff asserted, the amendment would cause no prejudice to defendant.

Cedar Village's counsel responded that plaintiff had failed to confer on the proposed amendment, as required by UTCR 5.010, and that the motion should be denied on that basis. Plaintiff's counsel acknowledged the failure to confer but offered the excuse of the shortness of time before the expected hearing on the motion and argued that, in view of defendant's objection to the amendment, the failure to confer was of no consequence. Plaintiff's counsel pointed out that plaintiff's theory of liability has always been negligence and asserted that defendant's trial preparation on the wrongful death action therefore must have included an investigation of the causes of the decedent's injuries.

Having heard argument, the court ruled that the proposed amendment would be disallowed, citing multiple reasons.

After trial, the jury returned a verdict finding that Cedar Village had been negligent in "one or more ways alleged by plaintiff" but that Cedar Village's negligence was not a cause of the decedent's death.

On appeal, plaintiff assigns error to the trial court's denial of his motion for leave to file a second amended complaint, contending that the trial court abused its discretion in denying the motion. As an initial matter, Cedar Village argues, as it did below, that, because plaintiff failed to confer with defense counsel on the motion to amend and failed to file a certificate of compliance, as required by UTCR 5.010, the trial court was *required* to deny the motion, and it lacked discretion to allow it.

Cedar Village is correct. UTCR 5.010 provides, in part:

> "(1)   The court will deny any motion made pursuant to ORCP 21 and 23, except a motion to dismiss: (a) for failure to state a claim; or, (b) for lack of jurisdiction, unless the moving party, before filing the motion, makes a good faith effort to confer with the other party(ies) concerning the issues in dispute.
>
> "* * * * *
>
> "(4)   The moving party must file a certificate of compliance with the rule at the same time the motion is filed. The certificate will be sufficient if it states either that the parties conferred or contains facts showing good cause for not conferring."

Although the trial court did not explicitly rule on the failure to confer as required by UTCR 5.010, the issue was squarely presented by the parties and plaintiff's motion to amend the complaint should have been resolved on that basis. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659, 20 P3d 180 (2001) (recognizing that the "right for the wrong reason" principle may be applied if the basis for the ruling was erroneous *or* "unnecessary in light of the alternative basis for affirmance"). As we said in *Anderson v. State Farm Mutual Auto Ins. Co.*, 217 Or App 592, 595-96, 177 P3d 31 (2008):

> "UTCR 5.010(1) and (3) are, in tandem, unambiguous. A trial court must deny any motion pursuant to, *inter alia*, ORCP 21 A(3) unless the moving party has filed a certificate of compliance substantiating that the parties have, in fact, conferred regarding the issues in dispute or stating facts showing good cause for not conferring. Here, it

is undisputed that defendant never filed a valid certificate of compliance under UTCR 5.010(3)—indeed, defendant erroneously filed a false certificate. The consequence of that failure is mandatory: 'The court *will* deny' the motion. UTCR 5.010(1)."

(Emphasis in original.)[3] Further, we said, "futility" does not excuse noncompliance with the requirements of UTCR 5.010(4), which requires the filing of a certificate of compliance. *Id.* at 596. Thus, plaintiff's argument here that the failure to confer was of no consequence because defendant objected to the amendment is not availing.

We further reject plaintiff's contention that we were plainly wrong in *Anderson* to conclude that UTCR 5.010 required the trial court to deny the motion. *See State v. Civil*, 283 Or App 395, 406, 388 P3d 1185 (2017) (explaining that we will not overrule prior opinions unless they are "plainly wrong," which is "a rigorous standard grounded in presumptive fidelity to stare decisis"). As we held in *Anderson,* the rule's statement as to what the court *will* do is a requirement for what it *must* do. Thus, although the trial court here did not make an explicit ruling on the failure to confer, the issue had been raised by defendant, and the case law is clear that conferral is mandatory and that a motion to amend must be denied if there is no conferral. *Id*. Plaintiff having failed to confer or having failed to file a certificate of compliance that included facts showing a "good cause" excuse for a failure to confer, UTCR 5.010(4), the trial court correctly denied plaintiff's motion to amend the complaint, although it should not have reached the merits of the motion. We therefore affirm the trial court's ruling.

Affirmed.

---

[3] *Anderson* cites to UTCR 5.010(3), but that is the same as the current UTCR 5.010(4), as UTCR 5.010 was amended in August 2025.